UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CINDY TRIPP and <br> LYLE TRIPP, | ) <br> ) <br> ) | CIV. 09-4023-KES |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) <br> ) | ORDER DENYING PLAINTIFFS' <br> MOTION TO EXCLUDE EVIDENCE <br> OF MEDICAL PAYMENTS MADE <br> BY DEFENDANT |
| WESTERN NATIONAL MUTUAL <br> INSURANCE COMPANY, | ) <br> ) <br> ) | |
| Defendant. | ) | |

Plaintiffs, Cindy Tripp and Lyle Tripp, move in limine to exclude any evidence pertaining to medical payments made by defendant, Western National Mutual Insurance Company. Western National opposes the motion.

## BACKGROUND

On September 12, 2004, Cindy Tripp was involved in an automobile accident with Jeffrey Christensen. Tripps were insured by Western National. They informed Western National of Cindy's accident and initiated a negligence action against Christensen that was subsequently settled.

On January 15, 2009, Tripps submitted to Western National a settlement demand in the amount of $150,000, which represented the policy limits of the Tripps's underinsured motorist benefits. On February 2, 2009, Western National offered Tripps $10,000 in settlement of their underinsured motorist

claim. Tripps then filed this suit, which alleges a breach of contract claim and a first-party bad faith insurance claim.

**ANALYSIS**

Tripps seek to exclude under Rule 403 any evidence relating to the medical payments made by Western National.[1] Tripps argue that any such evidence should be excluded because any probative value is substantially outweighed by the potential for the jury to confuse the issues. Western National argues that the evidence goes to whether it acted in bad faith in handling Tripps's underinsured motorist claim.

Western National informed Tripps's attorney that the counter-offer to the Tripps would include a waiver of Western National's subrogation claim with regard to the medical payments made by Western National on Tripps's behalf. (Docket 37, Ex. E at 2.) This offer was part of a discussion pertaining to Tripps's underinsured motorist benefits claim and was made prior to the commencement of this suit. It is therefore relevant to the issue of whether Western National acted in bad faith in handling the claim. The evidence is also highly probative of whether Western National acted in bad faith in handling Tripps's underinsured motorist benefits claim. Cf. <u>Dakota, Minnesota &</u>

---

[1] Rule 403 states that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Civ. P. 403.

Eastern R.R. Corp. v. Acuity, 771 N.W.2d 623, 635 (S.D. 2009) ("[T]he relevant inquiry for such a claim is the insurer's decision and actions 'at the time it made the decision to deny coverage.' " (citation omitted)).

There is nothing to suggest that the jury will be unable to understand the concept of subrogation or otherwise confuse it with the concept of bad faith. And there is nothing to suggest that the jury will be unable to understand and distinguish between the two separate provisions.[2] Because the potential for jury confusion does not substantially outweigh the probative value of this evidence, Tripps's motion under Rule 403 to exclude any evidence relating to the medical payments made by Western National is denied.

Accordingly, it is hereby

ORDERED that Tripps's motion in limine to exclude any evidence relating to medical payments made by Western National (Docket 53) is denied.

Dated June 1, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

[2] Tripps's other arguments that attempt to explain the significance, or insignificance, of the medical payments by looking at the circumstances surrounding the offer to waive the subrogation claim can be made to the jury.