

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CINDY TRIPP and LYLE TRIPP,<br><br>  Plaintiffs,<br><br>vs.<br><br>WESTERN NATIONAL MUTUAL<br>INSURANCE COMPANY,<br><br>  Defendant. | CIV. 09-4023-KES<br><br><br>**PRELIMINARY<br>INSTRUCTIONS<br>TO THE JURY** |

**TABLE OF CONTENTS**

PRELIMINARY INSTRUCTION
    NO. 1 – INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    NO. 2 – DEFINITION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    NO. 3 – CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . 5
    NO. 4 – EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    NO. 5 – BENCH CONFERENCES AND RECESSES . . . . . . . . . . . . . . . 7
    NO. 6 – NOTE-TAKING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    NO. 7 – QUESTIONS BY JURORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    NO. 8 – CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    NO. 9 – OUTLINE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

PRELIMINARY INSTRUCTION NO. 1 – INTRODUCTION

Ladies and gentlemen:  I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I shall give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions, both those I give you now and those I give you later, are equally binding on you and must be followed.

This is a civil case that involves claims for underinsured motorist benefits and bad faith brought by the plaintiffs, Cindy Tripp and her husband Lyle Tripp, against the defendant, Western National Mutual Insurance Company.  The Tripps purchased underinsured motorist coverage from Western National and made a demand for underinsured motorist benefits after Cindy Tripp was injured in a car accident.  The Tripps contend that Western National failed to reasonably investigate and pay the Tripps's claim for underinsured motorist benefits.  The Tripps further contend that Western National's conduct in this matter constitutes bad faith entitling them to damages.  Western National has denied the Tripps's claims.

From the evidence, you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence.  You

1

will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

PRELIMINARY INSTRUCTION NO. 2 – DEFINITION OF EVIDENCE

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties—and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence. Certain things are not evidence. I shall list those things for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

During the trial, certain evidence may be presented to you by deposition. The witness testified under oath at the deposition, just as if the witness were in court, and you should consider this testimony together with all other evidence received.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

PRELIMINARY INSTRUCTION NO. 3 – CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement on a matter of fact or acted in a manner inconsistent with his or her testimony in this case or on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

FINAL INSTRUCTION NO. 4 – EXPERT WITNESSES

A witness may qualify as an expert and give an opinion on a matter at issue if the witness has special knowledge, skill, experience, training, or education in a particular science, profession, or occupation.  In deciding the weight to give the opinion, you should consider the expert's qualifications and credibility and the reasons for the opinion.  You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  You are not bound by the opinion; therefore, if you should decide that the opinion of an expert witness is not based on sufficient education and experience, or if you should conclude that the reasons for the opinion are unsound, or that the other evidence outweighs the opinion, you may disregard the opinion entirely.

PRELIMINARY INSTRUCTION NO. 5 – BENCH CONFERENCES
AND RECESSES

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

## PRELIMINARY INSTRUCTION NO. 6 – NOTE-TAKING

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and the court reporter should not be required to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony might have been. When you leave at night, your notes will be secured and not read by anyone.

PRELIMINARY INSTRUCTION NO. 7 – QUESTIONS BY JURORS

The court will permit jurors to submit written questions during the course of the trial, while the witness is on the stand.  Such questions must be submitted to the court, by the juror handing the question to the court security officer, but, depending upon the court's ruling on the questions, the court may not submit them to the witness.  The court will ask such questions at the conclusion of a witness' testimony.  If the rules of evidence do not permit a particular question, I will so advise you.  Following your questions, if any, the attorneys may ask additional questions.

## PRELIMINARY INSTRUCTION NO. 8 – CONDUCT OF THE JURY

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them. It is important that you not only do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you.

10

*Fifth*, during the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not read any news stories or articles, in print, on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case you will know more about the matter than anyone will learn through the news media.

*Seventh*, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about the case on your own. Do not visit or view any place discussed in this case and do not use Internet maps or Google Earth or any other program or device to search for or to view any place discussed in the testimony. Also do not research any information about this case, the law, or the people involved, including the

11

parties, the witnesses, the lawyers, or the judge.

*Eighth,* do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth,* if at any time during the trial you have a problem that you would like to bring to my attention, or if you feel ill or need to go to the restroom, please send a note to the marshal or court security officer, who will deliver it to me. I want you to be comfortable, so please do not hesitate to inform me of any problem.

PRELIMINARY INSTRUCTION NO. 9 – OUTLINE OF THE TRIAL

The trial will proceed in the following manner:

First, the plaintiffs' attorney will make an opening statement. Next the defendant's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiffs will then present their evidence and call witnesses, and counsel for the defendant may, but has no obligation to, cross-examine. Following the plaintiffs' case, the defendant may present evidence, testify or call other witnesses. If the defendant calls witnesses, the plaintiffs' counsel may cross-examine them.

After presentation of evidence is completed, the court will instruct you further on the law. The attorneys will then make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. After that you will retire to deliberate on your verdict.

Dated June 9, 2010.

_____
KAREN E. SCHREIER
CHIEF JUDGE