

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CINDY TRIPP and LYLE TRIPP,<br><br>  Plaintiffs,<br><br>vs.<br><br>WESTERN NATIONAL MUTUAL<br>INSURANCE COMPANY,<br><br>  Defendant. | CIV. 09-4023-KES<br><br>**FINAL<br>INSTRUCTIONS<br>TO THE JURY** |

**TABLE OF CONTENTS**

FINAL INSTRUCTION
    NO. 1 – INTRODUCTION AND DEFINITIONS . . . . . . . . . . . . . . . . . . . . . 1
    NO. 2 – BURDEN OF PROOF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    NO. 3 – IMPEACHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    NO. 4 – CORPORATION AS PARTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    NO. 5 – CORPORATE EMPLOYEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    NO. 6 – BREACH OF CONTRACT – DAMAGES . . . . . . . . . . . . . . . . . . 6
    NO. 7 – BAD FAITH – DUTY OF PARTIES . . . . . . . . . . . . . . . . . . . . . . 9
    NO. 8 – BAD FAITH - ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    NO. 9 – COMPENSATORY DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . 12
    NO. 10 – PUNITIVE DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    NO. 11 – DUTIES DURING DELIBERATIONS . . . . . . . . . . . . . . . . . . 16

VERDICT FORM

FINAL INSTRUCTION NO. 1 – INTRODUCTION AND DEFINITIONS

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of and during the trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my oral instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

1

FINAL INSTRUCTION NO. 2 – BURDEN OF PROOF

In civil actions, the party who has the burden of proving an issue must prove that issue by the greater convincing force of the evidence.

Greater convincing force means that after weighing the evidence on both sides there is enough evidence to convince you that something is more likely true than not true.  In the event that the evidence is evenly balanced so that you are unable to say that the evidence on either side of an issue has the greater convincing force, then your finding upon the issue must be against the party who has the burden of proving it.

In determining whether or not an issue has been proved by the greater convincing force of the evidence, you should consider all of the evidence bearing upon that issue, regardless of who produced it.

FINAL INSTRUCTION NO. 3 – IMPEACHMENT

In Preliminary Instruction No. 3, I instructed you generally on the credibility of witnesses. I now give you this further instruction on how the credibility of a witness can be "impeached" and how you may treat certain evidence.

A witness may be discredited or impeached by contradictory evidence; by a showing that the witness testified falsely concerning a material matter; or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the witness's present testimony. If earlier statements of a witness were admitted into evidence, they were not admitted to prove that the contents of those statements were true. Instead, you may consider those earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness, and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited or impeached, it is your exclusive right to give that witness's testimony whatever weight you think it deserves.

FINAL INSTRUCTION NO. 4 – CORPORATION AS PARTY

The fact that one of the parties to this action is a corporation is immaterial. In the eyes of the law, the corporation is an individual party to the lawsuit, and all parties are entitled to the same impartial treatment.

FINAL INSTRUCTION NO. 5 – CORPORATE EMPLOYEES

A corporation can act only through its officers, employees, and agents. Any act or omission of an officer, employee, or agent within the scope of his or her employment is the act or omission of the corporation for which he or she was then acting.

FINAL INSTRUCTION NO. 6 – BREACH OF CONTRACT – DAMAGES

Western National admits that Cindy Tripp was injured as a result of a motor vehicle accident in which Jeffrey Christensen was at fault and legally liable. Western National disputes the nature and extent of the injuries claimed by Cindy Tripp. Therefore, you are to decide the total amount of damages sustained by Cindy Tripp and Lyle Tripp as a result of the motor vehicle accident. The Court in the verdict form has reflected the offset to which Western National is entitled.

It is your task to fix the amount that will compensate the Tripps for any of the following elements of loss or harm suffered by the Tripps that the evidence proves to have been legally caused by the accident, taking into consideration the nature, extent, and duration of the injury, whether such loss or harm could have been anticipated or not, namely:

(1) Cindy Tripp's disability, impairment, or both;

(2) Cindy Tripp's pain and suffering, mental anguish, and loss of capacity of enjoyment of life experienced in the past and reasonably certain to be experienced in the future as a result of the injury;

(3) The reasonable value of necessary medical care, treatment, and services received and the reasonable value of the necessary expense of medical care, treatment and services reasonably certain to be received in the future by Cindy Tripp;

(4) The earnings that Cindy Tripp has lost, if any, from any source from the date of the injury until the date of trial;

(5) Cindy Tripp's lost future earning capacity;
 The factors to be considered in determining the measure of damages for loss of earning capacity include:
 (a) What Cindy Tripp earned before the injury;
 (b) What Cindy Tripp is capable of earning after the injury;
 (c) Cindy Tripp's prior ability;

6

      (d)    The extent to which the injuries affect Cindy Tripp's power to earn;
      (e)    Cindy Tripp's age, life expectancy, physical condition, occupation, and skill; and
      (f)    Habits of industry.

(6)    The aggravation of any pre-existing ailment or condition.

      If you find that Cindy Tripp had an injury or condition prior to the accident, you may not award damages for any previous or subsequent injuries or conditions unrelated to the accident.

      However, if you find that the accident caused an aggravation of Cindy Tripp's pre-existing injury or condition, you may award damages for that aggravation. An aggravation of a pre-existing injury is a worsening of that pre-existing injury. An aggravation of a pre-existing condition makes that pre-existing condition more difficult to treat.

      Before awarding damages based on an aggravation of a pre-existing injury or condition, the Tripps must prove that the accident was a substantial factor in bringing about the harm alleged. In considering whether the accident was a substantial factor in producing harm to Cindy Tripp, the following considerations are important:

      (a)    The number of other factors which contributed in producing the harm;
      (b)    The extent to which any other factors produced the harm;
      (c)    Whether the accident created a force or series of forces which were in continuous and active operation up to the time of the harm, or instead created a harmless situation which became harmful only after the operation of other forces which the accident was not responsible; and
      (d)    Lapse of time.

      If you find that Cindy Tripp is entitled to recover for an aggravation of a pre-existing injury or condition, but you cannot logically, reasonably, or practically apportion Cindy Tripp's present and future injuries between the injury caused by the pre-existing injury or condition and the aggravation caused by the accident, then you may award damages for all present and future injuries caused by both the pre-existing injury or condition and the accident.

If you find that Cindy Tripp had a prior condition or injury making her more susceptible to injury than a person in normal health, then you may award damages for the injuries caused by the accident, even though those injuries may be greater than what might have been experienced by a person in normal health under the same circumstances. Before awarding such damages, however, Cindy Tripp must prove that the accident was a substantial factor in bringing about the harm alleged.

(7)   And, the reasonable value of the services, aid, comfort, society, companionship, and conjugal affections of Cindy Tripp of which Lyle Tripp has been deprived and the present cash value of the services, aid, comfort, society, companionship, and conjugal affections of Cindy Tripp of which Lyle Tripp is reasonably certain to be deprived in the future.

Whether any of these elements of damages have been proved by the evidence is for you to determine. Your verdict must be based on evidence and not upon speculation, guesswork, or conjecture.

FINAL INSTRUCTION NO. 7 – BAD FAITH – DUTY OF PARTIES

Every insurance contract includes the duty of good faith and fair dealing. This duty means that neither party will do anything to injure the rights of the other in receiving the benefits of the agreement. The duty of good faith and fair dealing begins when the insurance contract is entered into between the parties. The breach of that duty is called bad faith.

FINAL INSTRUCTION NO. 8 – BAD FAITH - ELEMENTS

If you find that Western National breached its contract with the Tripps for underinsured motorist benefits, you must then determine whether the breach was in bad faith. To establish that Western National is liable for bad faith, the Tripps must prove each of the following three elements by the greater convincing force of the evidence:

**One, Western National did not have a reasonable basis for denying, delaying, or failing to reasonably investigate the Tripps's claim for underinsured motorist benefits;**

    Western National had a duty to conduct a reasonable investigation of the Tripps's claim for underinsured motorist benefits. A failure to reasonably investigate a claim does not constitute a reasonable basis for denying or delaying a claim. You must determine whether Western National satisfied its obligation to reasonably investigate the Tripps's claim for underinsured motorist benefits.

**Two, Western National either knew it did not have a reasonable basis or acted recklessly in determining whether it had a reasonable basis for denying, delaying, or failing to reasonably investigate the Tripps's claim for underinsured motorist benefits; and**

    Western National may challenge claims which are fairly debatable and can be held liable only where it had knowledge or recklessly denied, delayed, or failed to investigate the Tripps's claim without a reasonable basis.

**Three, Western National's actions caused the Tripps to suffer loss or harm.**

    A legal cause is a cause that produces a result in a natural and probable sequence, and without which the result would not have occurred.

    A legal cause does not need to be the only cause of a result. A legal cause can act in combination with other causes to produce a result.

10

It is your job to determine whether Western National's actions were in bad faith. Your determination of whether Western National acted in bad faith must be based upon the facts and law available to it at the time it made the decision to deny, delay, or failed to reasonably investigate the Tripps's claim for underinsured motorist benefits.

If you find that each of the three elements has been proved by the greater convincing force of the evidence, your verdict must be for the Tripps. If, on the other hand, any of these elements has not been proved by the greater convincing force of the evidence, then your verdict must be for Western National.

## FINAL INSTRUCTION NO. 9 – COMPENSATORY DAMAGES

If you decide for the Tripps on the question of liability on their claim for bad faith, you must then fix the amount of money which will reasonably and fairly compensate them for any of the following elements of loss or harm proved by the evidence to have been legally caused by Western National's conduct, whether such loss or harm could have been anticipated or not, namely:

(1) Any out-of-pocket expenses the Tripps incurred as a result of Western National's denial, delay, or failure to reasonably investigate the Tripps's claim for underinsured motorist benefits; and

(2) Any other harm the Tripps experienced as a result of Western National's denial, delay, or failure to reasonably investigate the Tripps's claim for underinsured motorist benefits, including mental and emotional harm.

Whether any of these elements of damages have been proved by the evidence is for you to determine. Your verdict must be based on evidence and not upon speculation, guesswork, or conjecture.

12

## FINAL INSTRUCTION NO. 10 – PUNITIVE DAMAGES

In addition to any actual damages that you may award to the Tripps, you may also, in your discretion, award punitive damages if you find that they suffered injury to person or property as a result of the oppression, fraud, malice, intentional misconduct, or willful and wanton misconduct of Western National. The Tripps have the burden of proof on the issue of punitive damages. The purpose of awarding punitive damages is to set an example and to punish Western National.

"Oppression" is conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

"Fraud" in relation to contracts consists of any of the following acts committed by a party to the contract with intent to deceive another party thereto:
    (1) The suggestion as a fact of that which is not true by one who does not believe it to be true, or
    (2) Any other act designed to deceive.

"Malice" is not simply the doing of an unlawful or injurious act; it implies that the act complained of was conceived in the spirit of mischief or of criminal indifference to civil obligations. Malice may be inferred from the surrounding facts and circumstances.

Actual malice is a positive state of mind, evidenced by the positive desire and intention to injure another, actuated by hatred or ill will toward that person. Presumed, or legal, malice is malice which the law infers from or imputes to certain acts. Legal malice may be imputed to an act if the person acts willfully or wantonly to the injury of the other in reckless disregard of the other's rights. Hatred or ill will is not always necessary.

Conduct is "intentional" when a person acts or fails to act, for the purpose of causing injury or knowing that injury is substantially certain to occur.

Knowledge or intent may be inferred from the person's conduct and the surrounding circumstances.

"Willful and wanton misconduct" is more than negligent conduct, but less than intentional conduct. Conduct is willful and wanton when a person acts or fails to act when the person knows, or should have known, that injury is likely to occur.

If you find that punitive damages should be awarded, then in determining the amount, you should consider the following five factors:

(1) The intent of Western National.
In considering Western National's intent, you should examine the degree of reprehensibility of its misconduct, including, but not limited to, the following factors:
 (a) whether the harm caused was physical as opposed to economic;
 (b) whether the tortious conduct evinced an indifference to, or reckless disregard of, the health or safety of others;
 (c) whether the target of the conduct was vulnerable financially;
 (d) whether the conduct involved repeated actions or was an isolated incident; and
 (e) whether the harm was the result of intentional malice, trickery or deceit, or mere accident.

(2) The amount awarded in actual damages.
In considering this factor, you should consider:
 (a) whether the Tripps have been completely compensated for the economic harm caused by Western National;
 (b) the relationship between the harm or potential harm suffered by the Tripps and the punitive damages award;
 (c) the magnitude of the potential harm, if any, that Western National's conduct would have caused to its intended victim if the wrongful plan had succeeded; and
 (d) the possible harm to other victims that might have resulted if similar future behavior were not deterred.

The amount of punitive damages must bear a reasonable

14

          relationship to the actual damages.

    (3)     The nature and enormity of the wrong.

    (4)     Western National's financial condition.

    (5)     All of the circumstances concerning Western National's actions, including any mitigating circumstances which may operate to reduce, without wholly defeating, punitive damages.

You may not consider any one factor alone, but should consider all five factors in determining the amount, if any, of an award.

FINAL INSTRUCTION NO. 11 – DUTIES DURING DELIBERATIONS

In conducting deliberations and returning your verdict, there are certain rules you must follow.

*First,* when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second,* it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach an agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third,* if you need to communicate with me during your deliberations, you may send a note to me through the marshal or court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. **Remember that you should not tell anyone—including me—how your votes stand numerically.**

*Fourth,* your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally,* the verdict form is simply the written notice of the decision that

you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or court security officer that you are ready to return to the courtroom.

Dated June 11, 2010.

/s/ Karen E. Schreier
KAREN E. SCHREIER
CHIEF JUDGE

17